UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

vs.

FIRST WATCH RESTAURANTS, INC.
d/b/a First Watch Restaurant at Airpark Plaza,
and
GRI-EQY (AIRPARK PLAZA) LLC

    Defendants.
_____/

## COMPLAINT

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant First Watch Restaurants, Inc. doing business as First Watch restaurant at Airpark Plaza, and Defendant GRI-EQY (Airpark Plaza) LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant First Watch Restaurants, Inc. (also referenced as "Defendant Restaurants Inc.," "operator," lessee" or "co-Defendant") is a Florida for-profit corporation which owns and operates the First Watch restaurant located at 5799 NW 7 Street, Miami, Florida 33126, which is the subject of this action.

6. Defendant GRI-EQY (Airpark Plaza) LLC (also referenced as "Defendant GRI-EQY," lessor," "owner," or "co-Defendant") is the owner of Folio 01-3051-006-0010, which is built out as a mixed-use community shopping center which is located at 5799 NW 7 Street, Miami, Florida 33126. This community shopping center is also known as "Airpark Plaza," and referenced throughout as "Airpark Plaza." Defendant GRI-EQY leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) a Burlington Coat Factory, Varadero Liquors, a Publix Supermarket, Office Depot, and Domino's Pizza as well as to the First Watch restaurant, which is the subject of this instant action.

**FACTS**

7.      At all times material hereto, Defendant GRI-EQY has leased a portion of its Airpark Plaza community shopping center to co-Defendant Restaurants Inc., who in turn has operated its First Watch restaurant within that leased space.

8.      Defendant Restaurants Inc.'s "First Watch" brand restaurant chain is an award-winning American style restaurant chain with more than 300 locations in twenty-six states. First Watch restaurants serve breakfast, lunch, and dinner items. Each First Watch restaurant is open to the public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The First Watch restaurant which is the subject to this action is also referred to as "First Watch (restaurant) at Airpark Plaza," "restaurant," or "place of public accommodation."

9.      As the owner and operator of a restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10.     As the owner of a community shopping center which is operated as various places of public accommodation including the subject restaurant open to the general public, Defendant GRI-EQY is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11.     Due to the close proximity of the First Watch restaurant at Airpark Plaza to Plaintiff's home, on August 25, 2021 Plaintiff went to the restaurant with the intent of purchasing a meal and enjoying the dining experience.

12. While Plaintiff was patronizing the First Watch restaurant at Airpark Plaza, he had occasion to use the restroom and while using the restroom, he encountered multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. While Plaintiff had purchased a meal and dined at the First Watch restaurant, he felt excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access by the owner/operator of the restaurant (Defendant Restaurants Inc.) and by the owner/lessor of the community shopping center which houses the restaurant (Defendant GRI-EQY).

15. As the owner and operator of 300 restaurants operating throughout twenty-six states, Defendant Restaurants Inc. is well aware of the need to provide equal access to individuals with disabilities; therefore, its failure to reasonably accommodate individuals with disabilities at its restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. As the owner of a community shopping center which is operated as various places of public accommodation including the First Watch Restaurant which is open to the public, Defendant GRI-EQY should be fully informed as to the requirements to comply with the ADA and the need to provide for equal access within its Airpark Plaza community shopping center. As an investor and owner of a mid-sized community shopping center being used in multiple instances as a place of public accommodation, Defendant GRI-EQY's failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its property is fully accessible is/was willful,

malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17. Based on the access impediments which Plaintiff has been subject to which are delineated within this action, Plaintiff has been denied full and equal access by the owner/operator of the restaurant (Defendant Restaurants Inc.) and by the owner/lessor of the commercial property which houses the restaurant (Defendant GRI-EQY).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff frequently dines outside of his home and continues to desire to return to the First Watch restaurant located at Airpark Plaza to dine therein, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers which exist at the restaurant, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public

accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this subject action, Plaintiff personally visited the First Watch restaurant located at Airpark Plaza in order to purchase a meal; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Restaurants Inc. (owner/operator of the restaurant) and Defendant GRI-EQY (owner/lessor of the community shopping center housing the First Watch restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject First Watch restaurant.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. A portion of Defendant GRI-EQY's community shopping center is leased to Defendant Restaurants Inc., and Defendant Restaurants operates its restaurant out of that leased space. That leased commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner/lessor and the operator/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i. As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires

        that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

ii.    As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 which states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii.    As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser inside the stall without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in a wheelchair. In this instant case, the towel dispenser is obstructed and is higher than the high forward reach guidelines. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is

        48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

iv. As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27 inches (685 mm) high, 30 inches (760 mm) wide, and 19 inches (485 mm) deep underneath the sink.  This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink because the lavatory pipes and water supply lines are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vii. As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff could not use the

    paper towel dispenser (outside the stall) without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in a wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.  This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

viii. As to Defendant Restaurants Inc. (lessee/operator) and Defendant GRI-EQY (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (outside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

  30. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the First Watch restaurant located at Airpark Plaza accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

  31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant GRI-EQY (Airpark Plaza) LLC (owner of the commercial property housing the restaurant) and Defendant First Watch Restaurants, Inc. (operator of the First Watch restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the Airpark Plaza commercial property and the First Watch restaurant located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 28th day of September 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

11